09-4420-cv, 10-0633-cv
Weber v. AVX Pension Plan for Bargaining Unit and Hourly Employees

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of October, two thousand ten.

PRESENT:  WILFRED FEINBERG,
               JON O. NEWMAN,
               GERARD E. LYNCH,
                              *Circuit Judges.*

-------------------------------------------------------------------

RICHARD P. WEBER,
                              *Plaintiff-Appellant*,

               v.                              Nos. 09-4420-cv, 10-0633-cv

AVX PENSION PLAN FOR BARGAINING UNIT AND HOURLY EMPLOYEES,
PENSION PLAN COMMITTEE, AS ADMINISTRATOR OF AVX PENSION PLAN
FOR BARGAINING UNIT AND HOURLY EMPLOYEES,
                              *Defendants-Appellees.*[*]

-------------------------------------------------------------------

FOR APPELLANT:        WILLIAM W. BERRY, Legal Services for the Elderly,
                      Disabled or Disadvantaged, Buffalo, New York.

FOR APPELLEE:         VANCE E. DRAWDY, Ogletree, Deakins, Nash, Smoak &
                      Stewart, P.C., Greenville, South Carolina.

---

[*] The Clerk of the Court is instructed to amend the official caption in this case to conform to the listings of the parties above.

Appeal from the United States District Court for the Western District of New York (William M. Skretny, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Richard P. Weber appeals orders of the district court granting the defendants' motion for summary judgment and denying his motion for attorney's fees. Upon becoming disabled in 2006, Weber retired and sought disability benefits under his pension plan. The plan administrator agreed that Weber was eligible but stated that the plan would not begin to pay him until 2011, when he turns 65 years old. Weber sued the plan and its administrator for breach of contract, equitable estoppel, reformation, and wrongful denial of benefits under the Employee Retirement Income Security Act ("ERISA"). See 29 U.S.C. § 1132. After losing in the district court, he appeals. We assume the parties' familiarity with the relevant facts, the procedural history of this case, and the issues presented on appeal.

Weber's argument on the merits is articulated in several ways, but all hinge on two basic theories: that a "disability benefit" is meaningless if it does not trigger at the time of disability or otherwise differ from the regular retirement benefit under the plan, and that the summary plan description ("SPD") for his pension plan at very least leaves some ambiguity about when disability benefits begin. We reject both theories.

First, Weber's disability benefit is not meaningless, because Weber has qualified for real payments under the plan, albeit not ones he will receive as soon as he would prefer. We share Weber's intuition that it is strange for a plan to provide "disability" benefits that do not

differ in timing or amount from regular retirement benefits. In this case, however, the apparent anomaly is explained by history. Prior to 1989, the normal retirement benefit required ten years of service to vest, while the disability benefit required only five years. In that year, however, the plan was amended to require five years for both types of benefit, in accordance with a change in federal law. See 26 U.S.C. § 411(a)(2)(A)(ii). Perhaps it would have been better to respond to the change in law by merging the disability and retirement benefits and eliminating the no-longer meaningful distinction between the two. But neither contract law nor ERISA require such redrafting; they only require that the plan pay Weber what it promised to pay him. It will do so.

Second, we find that both the plan and the SPD clearly stated when Weber will receive his disability benefit. Weber does not argue that the plan itself was unclear; the plan explicitly states that disability benefits begin on the participant's retirement date. The SPD states more generally that "benefits" begin on the retirement date, but it does so in a section that includes both the "Disability Benefit" and "Normal Form of Retirement Benefits," thereby implying that the start date is the same for both. We see no ambiguity, and therefore affirm the district court's grant of summary judgment.

We also hold that the district court did not err in striking portions of the affidavit of Catherine Atwell, see Fed. R. Civ. P. 56(e), and that, even if the court did err, the error was harmless, as none of the stricken paragraphs in any way affects the above analysis.

Finally, we hold that the district court did not abuse its discretion in refusing to grant Weber attorney's fees. See Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d

869, 871 (2d Cir. 1987).  Even if the district court had wrongly applied <u>Chambless</u>, the Supreme Court has recently established that a party must achieve "some degree of success on the merits" to earn fees under ERISA.  <u>Hardt v. Reliance Standard Life Ins. Co.</u>, 560 U.S. ___, 130 S. Ct. 2149, 2158 (2010).  Accordingly, Weber, having achieved no success on the merits, cannot be awarded attorney's fees.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court